******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

FLYNN, J., concurring in part and dissenting in part. I agree that the second interrogatory submitted to the jury may have been problematic. It read: "Do you find by a preponderance of the evidence that the defendant proved the icy condition from the ongoing storm was the proximate cause, as I have defined that term for you, of the fall and damages sustained by the plaintiff?" Under our law, in the ordinary negligence claim, a plaintiff does not have to prove there is only one proximate cause of injury. There can be more than one proximate cause, so long as each contributing cause is a substantial causal factor and a cause in fact, meaning that the injury would not have happened without it. Because there was evidence that the railing on the stairs in question was defective and collapsed when the plaintiff, Luis Ocasio, tried to use it, the plaintiff was not foreclosed from recovery merely because the jury might find that the ice was also a contributing cause and there was no duty to remove it on the part of the defendant Verdura Construction, LLC, while the storm that produced it was still ongoing. This is dispositive of the case because it is reasonably possible that the jury was misled. I would end our opinion there. I concur in the reversal of the judgment on that ground.

I part company with the majority opinion because it goes too far when it states that the "ongoing storm doctrine was inapplicable and irrelevant because the plaintiff was not claiming that his fall was due to snow and ice that the defendant had failed to remove or treat. The record is clear that the theory of the plaintiff's case as presented to the jury was that his fall was due to the defective railing and not due to the presence of snow and ice on the porch." This conclusion does not take into account the defendant's evidence of a different cause, namely, the plaintiff's medical records, which reflect his accounts that his injury occurred as "he was walking up the stairs when he slipped on the ice and fell to the ground, injuring his left leg" and that he "slipped on [an] icy step . . . ." Neither of these records makes any reference to a broken railing as a cause of the plaintiff's fall and injury. Whether the ongoing storm doctrine was applicable or relevant was not just dependent on the plaintiff's evidence but on all of the evidence in the case, including the defendant's evidence. The plaintiff's complaint alleged that the defendant "failed to erect signs, barriers or otherwise isolate the icy area of the porch and its railings." The plaintiff sought to delete that allegation by amending his complaint. It was a matter of the court's discretion whether it would permit a late amendment one day into the trial and after everyone was on notice of the defendant's premarked exhibits and the theory of defense on which the defendant's case had been pre-

pared. The court did not permit a late amendment to the complaint. The alleged failure of the defendant to "isolate the icy area" remained in the plaintiff's complaint. I thus do not agree that the analysis or conclusions concerning the issue of the ongoing storm doctrine are appropriate or necessary to the disposition of this appeal.

For the foregoing reasons, I concur in the result reached and respectfully dissent in part.